United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shoma Development, LLC, Plaintiff,<br><br>v.<br><br>Shoma Realty Group, LLC and<br>Gregory Shaw, Defendants. | )<br>)<br>)  Civil Action No. 20-21096-Civ-Scola<br>)<br>)<br>) |

### Order on Motion to Dismiss

Now before the Court is the Defendants Shoma Realty Group, LLC and Gregory Shaw's motion to dismiss. For the reasons set forth below, the Court **denies** the Defendants' motion (**ECF No. 9**).

**1. Background**

The Plaintiff Shoma Development, LLC filed this suit against Shoma Realty Group, LLC and Gregory Shaw for trademark infringement, unfair competition, and dilution under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*, as well as violations of the Anticybersquatting Consumer Protection Act, Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and Florida dilution. (*See* ECF No. 1.)

Shoma Development, LLC is a real estate company that develops, manages, and sells properties in Florida. (ECF No. 1 at ¶ 16.) Since 1988, the Plaintiff has continuously used the "Shoma" name and mark. (ECF No. 1 at ¶ 17.) The Defendant Shoma Realty Group, LLC is a real estate company that has used the term "Shoma" since June 15, 2012. (ECF No. 9 at 2.) According to the Defendant, the Plaintiff objected to the Defendant's use of the mark "Shoma" for the first time in April 2019 through a demand letter, and then the Plaintiff did not sue until March 12, 2020, after another eleven months passed. (*Id.*) According to the Plaintiff, it did not find out that the Defendants were using the "Shoma" mark until April 2019 when it sent the demand letter. (ECF No. 1 at ¶ 54.)

**2. Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does

not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Laches

The Defendants argue that the Lanham Act claims are barred by laches, and thus should be dismissed. The Court does not agree because laches is an affirmative defense that is not properly raised at the motion to dismiss stage.

To establish that Plaintiff's claims would be barred by laches, the Defendants must demonstrate "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986). The Eleventh Circuit has held that "because the Lanham Act does not contain a statute of limitations, the period for analogous state law claims is to be used as a touchstone for laches." *Ambrit, Inc.*, 812 F.2d at 1546. "The pertinent limitations period for this type of action in Florida is four years." *Id.*

The parties disagree on what the relevant period of delay is. The Plaintiff contends that the relevant delay is eleven months—the time difference between when it found out that the Defendants were using the "Shoma" mark in April 2019 and March 2020 when it filed suit. The Defendants contend that the relevant delay is almost eight years—the time between June 15, 2012 when it started using the mark and March 2020 when the Plaintiff filed suit. The Eleventh Circuit has stated that "delay is to be measured from the time at which the plaintiff knows or should know [it] has a provable claim for infringement." *Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1206 (11th 1997). The Plaintiff states in its complaint that it discovered that the Defendants were using the mark in April 2019, but the Defendants argue that the Plaintiff should have known of their conduct earlier since their use was "extensive." (ECF No. 9 at 9.)

Laches is an affirmative defense. The Defendants bear the burden of proving that the case is barred by laches, and this is a factual inquiry that should not be adjudicated at the motion to dismiss stage. "Generally, the existence of an affirmative defense will not support a motion to dismiss." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). A narrow exception exists when "the existence of an affirmative defense . . . appears on the face of the complaint." *Id.* at 1069. Allegations that the Plaintiff should have known that the Defendants were using the mark earlier do not appear on the face of the complaint. Therefore, the Court declines to dismiss the complaint on this basis.

### 4. Failure to State a Claim

Next, the Court will examine the Defendants' argument that the Plaintiff failed to state a claim by not alleging that the Plaintiff properly registered the trademark. The Court declines to dismiss the complaint on this basis.

The Lanham Act was intended to make "actionable the deceptive and misleading use of marks," and those with registered and unregistered marks can sue under the Act. 15 U.S.C. § 1127. Section 43(a), or 15 U.S.C. § 1125(a), applies "even in the absence of federal trademark registration." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001). In contrast, section 32 of the Lanham Act, or 15 U.S.C. § 1114, applies to registered marks. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Here, the Plaintiff sues under both subsections, and the Defendants move to dismiss the claim brought under § 1114 because the Plaintiff did not register the marks.

The Complaint alleges that the Plaintiff owns the federal registration for the mark at issue. (ECF No. 1 at ¶ 65.) The Plaintiff also attaches the certificate of registration to the complaint. (*See* ECF No. 1-5.) "A certificate of registration of a trademark issued by the United States Patent and Trademark office is prima

facie evidence of . . . the registrant's ownership of the mark." *TracFone Wireless, Inc. v. SND Cellular, Inc.*, 715 F. Supp. 2d 1246, 1255 (S.D. Fla. 2010) (Graham, J.). Nevertheless, the Defendants argue that the Plaintiff failed to demonstrate that it registered the trademarks because the certificates of registration show that Shoma Development Corp., and not Shoma Development, LLC, registered the trademark. (ECF No. 1-5.) The Plaintiff explains that it converted from a Florida corporation to a Florida limited liability corporation and that this conversion did not alter its ownership over the registered trademark. (ECF No. 10 at 8-9.)

The Defendants do not cite any caselaw for the proposition that a plaintiff <u>must</u> attach the certificate of registration in order to state a claim. If anything, the caselaw suggests otherwise. *See, e.g.*, *TracFone Wireless, Inc.*, 715 F. Supp. 2d at 1255 (certificate of registration constitutes prima facie evidence of certain elements). Because the Plaintiff clearly alleges that it owns the registered trademark, the Plaintiff has successfully stated a claim. Any factual inquiry into the ownership of the registered marks can be resolved at a later stage of the litigation.

### 5. More Definite Statement

The Defendants move for a more definite statement and cite to *Valoro, LLC v. Valero Energy Corp.* for support. 2014 WL 3920035, *4 (S.D. Fla. Aug. 11, 2014) (Moreno, J.). In *Valoro*, the plaintiff did not identify the specific trademarks that the defendant allegedly infringed, and the court granted the defendant's motion for a more definite statement "to alert Plaintiffs as to the exact trademarks purportedly infringed." *Id.* at *5. However, here, the Complaint alleges that the Defendants infringed on its marks "Shoma" and "Shoma Group." A more definite statement is therefore not necessary.

### 6. Conclusion

In sum, the Court **denies** the Defendants' motion to dismiss (**ECF No. 9**).

**Done and ordered** at Miami, Florida, on June 18, 2020.

Robert N. Scola, Jr.
United States District Judge